UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                              03-CR-921 (TCP)

                                                              **MEMORANDUM**
                   - against -                                   **AND**
                                                              **ORDER**


FRANK LETO,
       also known as "Chickie", and
LOUIS FENZA,

                                  Defendants.
------------------------------------------------------------X
PLATT, District Judge.

       Defendant Frank Leto ("Defendant" or "Leto") moves this Court for a <u>Franks</u> hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978) in order to determine whether the FBI Special Agent Robert Lewicki, negligently or otherwise, made misrepresentations in the application for electronic surveillance to Judge Mishler in July of 2000. Both parties have briefed the issue, and oral argument was heard on the motion on April 1, 2005.

       Despite Leto's contrary assertion, in order to properly obtain a wiretap, the Government need only have shown that normal investigative procedures had been tried and had failed or reasonably appeared to be unlikely to succeed or to be too dangerous if tried. 8 U.S.C. § 2518 (3) (c). "The purpose of the statutory

requirement[] is not to preclude resort to electronic surveillance until after all other possible means of investigation have been exhausted...; rather [it only requires] that the agents inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods. United States v. Vazquez, 605 F.2d 1269, 1282 (2d Cir. 1979).

The Court is persuaded that the Government properly met the statutory standard in its electronic surveillance application. In its opposition papers to Leto's motion, the Government provided the affidavit that Special Agent Lewicki's submitted to Judge Mishler. Despite Leto's assertion of possible malfeasance in this application, the Court has had the opportunity to examine certain in camera materials that show the veracity of the underlying facts asserted in Special Agent Lewicki's affidavit.

Accordingly, after reviewing all of the submissions on the topic, the Court is satisfied that a Franks hearing is not required at this point.

SO ORDERED.

_____/s/_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
      April 20, 2005