AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway, Suite 715
New York, NY 10007
(212) 566-6212
Attorney for Defendant FENZA

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------X | Hon. Arthur D. Spatt, USDJ |
| UNITED STATES of AMERICA, | Docket No.: **03 Cr. 921 (ADS)** |
| Plaintiff, | |
| -against- | **NOTICE OF MOTION<br>FOR EARLY TERMINATION<br>OF SUPERVISED RELEASE** |
| LOUIS FENZA, | |
| Defendants.<br>-------------------------------------------------X | |

TO:   UNITED STATES PROBATION DEPARTMENT, EDNY
      PETRA deHAAN, USPO

      LORETTA E. LYNCH, UNITED STATES ATTORNEY,
      ASSISTANT UNITED STATES ATTORNEY ALLEN BODE:

LOUIS FENZA, by and through his Counsel, brings this motion pursuant to 18 USC §3583(e) to:

1) terminate the term of Supervised Release and discharge the Defendant from his remaining obligations thereunder;

and for such other and further relief as this Court deems just and proper.

Mr. Fenza further brings this motion pursuant to the applicable Federal Rules of Criminal Procedure, Amendments to the United States Constitution, all other referenced and applicable statutes, case law and local rules. The instant motion is based upon the annexed Affirmation and Memorandum of Points and Authority.

                                                   Respectfully submitted,

Dated:       New York, NY
                July 17, 2013

*Aaron M. Goldsmith*

---

AARON M. GOLDSMITH, ESQ. (AG4773)
Attorney for Defendant FENZA
225 Broadway, Suite 715
New York, NY 10007
(212) 566-6212
(914) 588-2679
(212) 566-8165 (fax)

TO:

UNITED STATES DISTRICT COURT
200 Federal Plaza
Central Islip, NY 11750

UNITED STATES ATTORNEY'S OFFICE, EDNY
Attn.: Allen Bode, AUSA
600 Federal Plaza
Central Islip, NY 11750

*via ECF and Overnight Mail*
UNITED STATES PROBATION DEPARTMENT, EDNY
Attn.:  , USPO
200 Federal Plaza
Central Islip, NY 11750

AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway, Suite 715
New York, NY 10007
(212) 566-6212
Attorney for Defendant FENZA

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------X<br>UNITED STATES of AMERICA,<br><br>                Plaintiff,<br><br>  -against-<br><br>LOUIS FENZA,<br><br>                Defendants.<br>--------------------------------------------------X | **Hon. Arthur D. Spatt, USDJ**<br><br>Docket No.: **03 Cr. 921 (ADS)**<br><br>**AFFIRMATION IN SUPPORT<br>FOR EARLY TERMINATION<br>OF SUPERVISED RELEASE** |

      I, Aaron M. Goldsmith, an attorney duly admitted to practice law before the Courts of the State of New York, and the United States, Eastern District of New York, affirm the following upon information and belief:

      1.  I am the attorney-of-record for Defendant LOUIS FENZA, in the instant matter.

      2.  I make this Affirmation in Support of Defendant FENZA's Motion for Termination of Supervised Release, pursuant to 18 USC §3583(e); and for such other and further relief as this Court deems just and proper.

      3.  On March 20, 2008, Mr. Fenza was found guilty by jury verdict in the US District Court, EDNY, of Racketeering and Conspiracy to Commit Racketeering and Extortion, under 18 USC §§1962(c), 1962(d), 1963 and 1951(a), respectively.

      4.  Mr. Fenza was sentenced by Your Honor on March 27, 2009 to a term of incarceration of eighteen (18) months concurrent, to be followed by a term of three (3) years Supervised Release. The Court also entered a money Judgment in the amount of FIVE THOUSAND SEVEN HUNDRED ($5,700.00) DOLLARS Jointly and Severally between Mr. Fenza and his co-defendant representing

Restitution to the alleged victim(s).  A copy of this Court's Final Judgment is annexed hereto as Exhibit "A."

5.  On July 8, 2011, Mr. Fenza was released from Bureau of Prisons custody and commenced his term of Supervised Release with the Probation Department of the Eastern District of New York.

6.  Shortly herefrom, Mr. Fenza will have successfully completed two (2) of the three (3) years of Supervised Release without offense or violation.

7.  As the Court will recall, Mr. Fenza's matter had an extensive Pre-Trial existence, due to the death of both his and his co-defendant's initial attorneys.  As a result, Mr. Fenza has been under some degree of Supervision for a period of ten (10) years.  Further, Mr. Fenza has been designated a "low risk" individual within the Supervision program.

8.  It is respectfully submitted that an early termination of Mr. Fenza's Supervised Release is in the interests of justice, and appropriate herein.

9.  Your Affirmant has notified AUSA Allen Bode of this request.  He informed me that he takes no position.  Your Affirmant also notified USPO deHaan, who informed me that while Mr. Fenza is low risk, the office position is to Oppose any such applications.

10.  Wherefore, it is respectfully requested that the Court terminate the term of Supervised Release and discharge the Defendant from his remaining obligations thereunder; and for such other and further relief as this Court deems just and proper.

Dated:   New York, NY
         July 17, 2013

*Aaron M. Goldsmith*

AARON M. GOLDSMITH, ESQ. (AG4773)
Attorney for Defendant FENZA
225 Broadway, Suite 715
New York, NY 10007
(212) 566-6212
(914) 588-2679

AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway, Suite 715
New York, NY 10007
(212) 566-6212
Attorney for Defendant FENZA

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------X | **Hon. Arthur D. Spatt, USDJ** |
| UNITED STATES of AMERICA, | Docket No.: **03 Cr. 921 (ADS)** |
| Plaintiff,<br>-against- | **DEFENDANT JONES'<br>MEMORANDUM OF<br>POINTS AND AUTHORITY** |
| LOUIS FENZA,<br>Defendant.<br>-------------------------------------------------X | |

## RELEVANT PROCEDURAL HISTORY

1. On March 20, 2008, Mr. Fenza was found guilty by jury verdict in the US District Court, EDNY, of Racketeering and Conspiracy to Commit Racketeering and Extortion, under 18 USC §§1962(c), 1962(d), 1963 and 1951(a), respectively.

2. Mr. Fenza was sentenced by Your Honor on March 27, 2009 to a term of incarceration of eighteen (18) months concurrent, to be followed by a term of three (3) years Supervised Release. The Court also entered a money Judgment in the amount of FIVE THOUSAND SEVEN HUNDRED ($5,700.00) DOLLARS Jointly and Severally between Mr. Fenza and his co-defendant representing Restitution to the alleged victim(s).

3. On July 8, 2011, Mr. Fenza was released from Bureau of Prisons custody and commenced his term of Supervised Release with the Probation Department of the Eastern District of New York.

4. During the pendency of Mr. Fenza's nearly two (2) years on Supervised Release, he has had no negative incidents. Additionally, as of the date of this filing, the Restitution has been paid in full.

## **ARGUMENT**

5. 18 USC § 3583(e) provides for modification of conditions or revocation of Supervised Release. The statute provides, in part:

> "The Court may, after considering the factors set forth in 3553(a)(1), [(a)(2)(B)-(a)(2)(D)], [(a)(4)-(a)(7)] - (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."

6. In evaluating whether termination of Supervised Release is appropriate, the Court must consider a wide variety of factors, such as: the nature and circumstances of the offense, the defendant's history and characteristics, the need to deter criminal conduct, the need to protect the public from further crimes of the defendant and the need to provide the defendant with appropriate supervision. The language of 18 USC §3583(e) provides Courts with the latitude to consider a broad range of factors. See *United States v Pregent*, 190 F3d 279, 282 (4th Cir.1999).

7. In order to grant a motion for early termination of Supervised Release, the Court must be satisfied that the relief requested is warranted by the conduct of the defendant and is consistent with the interests of justice. See *United States v Toussie*, 2005 WL 2095728 (EDNY, 2005).

8. Mr. Fenza's conduct under Supervised Release, his punishment, and his personal characteristics merit early termination of Supervised Release.

9. Since his release from incarceration and half-way house environments, Mr. Fenza has returned to the community to live with his family in the neighborhood and house where they have lived for decades.

10. Mr. Fenza has regained the operational management of his car service company and has not only stabilized the business during his incarceration and the great recession of 2008, but has grown and developed it as a Long Island small business success story.

11. Mr. Fenza utilizes the flexibility of business ownership in order to help care for his wife, who suffers from severe back and nerve injuries, as well as his grandchildren. During his incarceration, Mr. Fenza's eldest daughter underwent a divorce, leaving her as a single working mother. Mr. Fenza and his wife help with babysitting as often as they can.

12. Mr. Fenza is near the end of his required commitment, and personifies the transition from offender to productive member of society. Mr. Fenza was convicted of a very serious offense. He acknowledges the severity of the offense and was punished accordingly. Mr. Fenza respectfully urges the Court to view his transition since, including his Pre-Trial supervision. In calculating the total of his pre-trial, incarceration and post-release supervision, Mr. Fenza has been supervised by the Government for approximately ten (10) years without a single negative incident.

13. Because of his transition as a productive member of society, his family obligations, his commitment to community, to allow even more flexibility so that he can focus on assisting the care of family, Mr. Fenza is an appropriate candidate for early termination of his Supervised Release.

## **CONCLUSION**

14. In light of the foregoing, it is respectfully requested that the Court grant Defendant LOUIS FENZA's application for early termination of Supervised Release; and for such other and further relief as the Court deems just and proper.

Dated: New York, NY
July 17, 2013

*Aaron M. Goldsmith*

AARON M. GOLDSMITH, ESQ. (AG4773)
Attorney for Defendant JONES
225 Broadway, Suite 715
New York, NY 10007
(212) 566-6212
(914) 588-2679
(212) 566-8165 (fax)

## **CERTIFICATION OF MAILING**

      This is to certify that a copy of the foregoing was delivered via electronic means, this 17th day of July, 2013, in compliance with the local rules of practice and procedure, to the person(s) and/or entities as listed below.

    UNITED STATES DISTRICT COURT
    Clerk of the Court
    200 Federal Plaza
    Central Islip, NY

    UNITED STATES ATTORNEY'S OFFICE, EDNY
    600 Federal Plaza
    Central Islip, NY

    *via ECF and facsimile (631) 712-6395*
    UNITED STATES PROBATION DEPARTMENT, EDNY
    Attn.: Petra deHaan, USPO
    200 Federal Plaza
    Central Islip, NY

*Aaron M. Goldsmith*
_____
AARON M. GOLDSMITH (AG4773)