FILED
CLERK
8/2/2013 3:43 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

LOUIS FENZA,

              Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**

CR 03-0921 (ADS)

**A P P E A R A N C E S :**

    **LORETTA E. LYNCH**
    United States Attorney
    610 Federal Plaza
    Central Islip, NY  11722
      By:    Allen L. Bode,
             Assistant United States Attorney

    **AARON M. GOLDSMITH, ESQ.**
    Attorney for the Defendant
    225 Broadway, Suite 715
    New York, NY  10007

    **PETRA DEHAAN**
    Senior United States Probation Officer
    United States Probation Department
    202 Federal Plaza
    Central Islip, NY  11722

**SPATT, District Judge.**

    This Decision and Order is in response to a motion by the defendant Louis Fenza (the "defendant" or "Fenza"), dated July 17, 2013, seeking early termination of the defendant's term of supervised release.

# I. BACKGROUND AND DEFENDANT'S CONTENTIONS

On March 20, 2008, the defendant was found guilty by jury verdict in the United States District Court, Eastern District of New York, of Racketeering and Conspiracy to Commit Racketeering and Extortion.

On March 27, 2009, the defendant was sentenced to eighteen (18) months, concurrent as to each count, and placed on supervised release for a three-year period. The defendant commenced his supervised release upon his discharge from custody on July 8, 2011. According to the defendant, he has completed more than two years of his supervised release term. The defendant now requests early termination of his three-year supervised release term, as set forth in his motion and memorandum. The defendant advances the following reasons in support of this application:

> 1. Shortly herefrom, Mr. Fenza will have successfully completed two (2) of the three (3) years of Supervised Release without offense or violation.
>
> 2. As the Court will recall, Mr. Fenza's matter had an extensive Pre-Trial existence, due to the death of both his and his co-defendant's initial attorneys. As a result, Mr. Fenza has been under some degree of Supervision for a period of ten (10) years. Further, Mr. Fenza has been designated a "low risk" individual within the Supervision program.
>
> 3. It is respectfully submitted that an early termination of Mr. Fenza's Supervised Release is in the interests of justice, and appropriate herein.
>
> 4. During the pendency of Mr. Fenza's nearly two (2) years on Supervised Release, he has had no negative incidents. Additionally, as of the date of this filing, the Restitution has been paid in full.
>
> 5. Mr. Fenza's conduct under Supervised Release, his punishment, and his personal characteristics merit early termination of Supervised Release.
>
> 6. Since his release from incarceration and half-way house environments, Mr. Fenza has returned to the community to live with his family in the neighborhood and house where they have lived for decades.

7. Mr. Fenza has regained the operational management of his car service company and has not only stabilized the business during his incarceration and the great recession of 2008, but has grown and developed it as a Long Island small business success story.

8. Mr. Fenza utilizes the flexibility of business ownership in order to help care for his wife, who suffers from severe back and nerve injuries, as well as his grandchildren. During his incarceration, Mr. Fenza's eldest daughter underwent a divorce, leaving her as a single working mother. Mr. Fenza and his wife help with babysitting as often as they can.

9. Mr. Fenza is near the end of his required commitment, and personifies the transition from offender to productive member of society. Mr. Fenza was convicted of a very serious offense. He acknowledges the severity of the offense and was punished accordingly. Mr. Fenza respectfully urges the Court to view his transition since, including his Pre-Trial supervision. In calculating the total of his pre-trial, incarceration and post-release supervision, Mr. Fenza has been supervised by the Government for approximately ten (10) years without a single negative incident.

10. Because of his transition as a productive member of society, his family obligations, his commitment to community, to allow even more flexibility so that he can focus on assisting the care of family, Mr. Fenza is an appropriate candidate for early termination of his Supervised Release.

In response to this motion for early termination of the defendant's supervised release, the Government takes no position. However, the assigned probation officer opposes this request "as there is nothing extraordinary that would warrant it at this time."

## II. **DISCUSSION**

The Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e)(1); see United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (holding that pursuant to section 3583(e), a district court may permit the early discharge of a defendant from supervised

3

release "in order to account for unforeseen circumstances"). Early discharge is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. See Lussier, 104 F.3d at 36. Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals. Id. This determination is within the discretion of the district court. Id.

When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§3553. These factors were also weighed by the Court in determining the initial sentence. See 18 U.S.C. §3583(1); Lussier, 104 F.3d at 36 (the court must consider certain factors in section 3553(a) before ordering early termination of a term of supervised release).

After considering all the statutory factors, the Court finds that the defendant has failed to present facts and circumstances that demonstrate the "exceptionally good behavior" or any other viable reason for termination referred to in the precedents. Fenza has satisfied his conditions of supervised release and apparently resumed his pre-incarceration life. All of these activities participated in by the defendant are commendable but are expected of a person on supervised release and do not constitute the "exceptional behavior" contemplated in the precedents.

As stated in Lussier, early termination is not warranted as a matter of course; on the contrary, it is only "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior." Id. at 36. Therefore, Fenza is not entitled to early termination simply because he has successfully served a portion of his supervised release and complied with the conditions imposed. See e.g. United States v. Rusco, 2000 WL 45438, No. 88 CR 819

4

(S.D.N.Y. January 19, 2000). Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.

A vivid example and a model of "exceptionally good behavior" was set forth in the case of <u>United States v. Spinelle</u>, 835 F.Supp. 987 (E.D. Michigan 1993). The Court does not expect any applicant for early termination, such as Fenza to emulate these activities. However, they are a model of instruction as to "exceptional good behavior." The defendant Spinelle made the most of his period of supervised release, as follows:

> These commendable activities have continued since his release. In September 1992, he was hired by the Community Commission on Drug Abuse to serve as an apprentice Chemical Dependency Therapist/Counselor and Program Development and Evaluation Coordinator. *990 He has authored several state, federal and foundation grants for the Commission. These efforts have resulted in the Michigan Department of Corrections' funding of a drug-counseling program for probationers. He also has developed and applied for the funding of a therapy program for chemically dependent federal probationers. He hopes to serve as one of the therapists of the substance-abuse program, should it receive funding.
>
> His studies also have continued since his release. He testified in court that since his release he has taken two courses at a local university. In addition, he has met the requirements and presently serves as a Eucharistic Minister for his church in Plymouth. He also recently completed a one-month course to become a prison minister and feels that his role as a prison minister will enable him to assist prisoners with planning for their lives upon release.
>
> His accomplishments have not gone unrecognized. In September 1992, he was awarded a scholarship by the Michigan Department of Public Health to attend an intense five-day workshop by the Grantmanship Center on Program Planning and Proposal Writing. He recently was selected for a scholarship by the Michigan Department of Public Health's Center for Substance Abuse

5

>Services to attend the Summer Midwest Therapist Training
>Institute in Madison, Wisconsin. In addition, he now is licensed by
>the State of Michigan as a professional counselor.

Also, the fact that Fenza had "an extensive pre-trial existence" and was "under some degree of Supervision for a period of ten (10) years," is not a reason to grant early termination. A pre-trial delay of this kind is sometimes viewed as a mutual benefit, and, apparently, some of the delay was requested by the defendant.

The Court notes, with approval, the language of United States District Judge Robert Sweet in United States v. Medina, 17. F. Supp. 2d 245 (S.D.N.Y. 1998).

>Termination of Medina's supervised release is premature. While
>his post-incarceration conduct is apparently unblemished, this
>alone cannot be sufficient reason to terminate the supervised
>release since, if it were, the exception would swallow the rule.

Accordingly, the application by Louis Fenza for early termination is denied.

**SO ORDERED.**

Dated: Central Islip, New York
August 2, 2013

                                                  /s/ARTHUR D. SPATT
                                                   ARTHUR D. SPATT
                                          United States District Judge